UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARMEN ROEBUCK,
a citizen and resident of Connecticut,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff CARMEN ROOEBUCK, a Connecticut citizen and resident, sues Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation with its principal place of business in Florida, and files her complaint and alleges:

### **JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff CARMEN ROEBUCK is sui juris and is a resident and citizen of the State of Connecticut.

3. Defendant ROYAL CARIBBEAN CRUISES LTD. (RCCL) is a Liberian Corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. §1332, since Plaintiff is a resident and citizen of the State of Connecticut, and the Defendant

1

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Roebuck v. Royal Caribbean Cruises, Ltd.*

is a citizen of Florida for purposes of 28 U.S.C. §1332 since its principal place of business is in Florida. The amount of damages claimed exceeds $75,000.00, the threshold amount for federal jurisdiction under 28 U.S.C. §1332. The damages alleged in Paragraph 15 below support an award of damages in excess of $75,000.00.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant timely written notice of her claim as required by the ticket contract on January 5, 2024, a copy of which is attached as "Exhibit A".

10. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S INDEPENDENCE OF THE SEAS ("INDEPENDENCE").

*Roebuck v. Royal Caribbean Cruises, Ltd.*

11. At all material times, including the accident date of December 10, 2023, the Plaintiff was a fare-paying passenger aboard the INDEPENDENCE and in that capacity was lawfully present aboard the vessel.

12. At all material times, the Defendant owed the Plaintiff, as a paying passenger lawfully aboard its cruise vessel, a duty of reasonable care for her safety.

13. On or about December 10, 2023, there existed a hazardous or dangerous condition in the Windjammer Café deck surface on Deck 11 of the INDEPENDENCE. Specifically, in that area there were wet spots or areas on the walking surface, posing a slipping hazard for passengers walking in the area. The wet spots posed a slipping hazard, but not one that was apparent to reasonable passengers approaching the area, since the wet nature of the floor was not conspicuous or visible to casual inspection by a reasonable passenger not focused on an inspection of the floor.

14. At the time and place referred to in the preceding paragraph, the Plaintiff, while walking out of the Windjammer Café on Deck 11 referenced in the preceding paragraph, slipped on the wet spots or areas referenced in the preceding paragraph and as a result fell.

15. As a direct and proximate result of the fall referenced in the preceding paragraph, the Plaintiff, CARMEN ROEBUCK, was injured in and about her body and extremities, sustained injuries including a torn left meniscus, suffered pain and mental anguish therefrom, incurred past and future reasonably certain medical and related expenses in the treatment of her injuries, the future medical damages being reasonably certain to occur, sustained loss of earnings and earning capacity, disability, physical impairment, aggravation or activation of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy life. Furthermore, she has lost earnings and/or earning capacity and will continue to do so in the future. These damages are

permanent or continuing in their nature and Plaintiff CARMEN ROEBUCK will continue to sustain these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

16. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17. At all material times Defendant RCCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to maintain the walking surfaces on Deck 11 of the INDEPENDENCE in a reasonably safe condition for passengers walking thereon, including the Plaintiff.

18. At all material times there existed a hazardous condition on the deck walking surface of the Windjammer Café on Deck 11 of the INDEPENDENCE as described in Paragraph 13 above.

19. At all material times, the hazardous condition on the Windjammer Café walking surface referred to in Paragraph 13 above was in a high traffic area, regularly utilized as a walkway by all individuals on board the vessel.

20. At all material times prior to December 10, 2023, RCCL had actual and/or constructive notice of the dangerous condition described in Paragraph 13, because wet spots or areas on the floor of the Windjammer Café are a repetitive and recurring issue on RCCL cruise ships fleetwide.  Specifically, RCCL was aware of prior slip and fall incidents caused by wet spots or wet areas on windjammer café floors on multiple cruise ships in RCCL's fleet. The prior substantially similar falls include but are not limited to the following instances:

a. On 03/11/2023, passenger P.S. slipped and fell on a wet floor surface in the Windjammer Café on the M/S RADIANCE OF THE SEAS. *Silva v. RCCL*, 1:24-cv-20866.

*Roebuck v. Royal Caribbean Cruises, Ltd.*

b. On 09/15/2023, passenger A.C. slipped and fell on a wet floor surface in the Windjammer Café on the M/S OASIS OF THE SEAS. *Cuaresma v. RCCL*, 1:24-cv-23204.

c. On 04/12/2023, passenger D.B. slipped and fell on a wet floor surface in the Windjammer Café on the M/S NAVIGATOR OF THE SEAS. *Burns v. RCCL*, 1:24-cv-21326.

d. On 12/18/2022, passenger M.L. slipped and fell on a wet floor surface in the Windjammer Café on the M/S EXPLORER OF THE SEAS. *Lu v. RCCL*, 1:23-cv-24725.

21. Notwithstanding the actual or constructive knowledge of RCCL as alleged above, RCCL failed adequately to maintain the walking surface in the Windjammer Café on Deck 11 of the INDEPENDENCE in the area where Plaintiff fell, before she slipped and fell as alleged in Paragraph 14 above.

22. RCCL's specific negligent acts or omissions regarding maintenance of the Windjammer Café deck walking surface on Deck 11 of the INDEPENDENCE consist of one or more of the following:

a. Failing to maintain the Windjammer Café walking surface in a reasonably safe condition;

b. Failing to conduct routine inspections of the Windjammer Café walking surface on Deck 11 of the INDEPENDENCE in order to detect dangerous conditions;

c. Failure timely to clean, dry, cordon off or otherwise correct any dangerous conditions on the walking surface of the Windjammer Café, once those conditions were or should have been detected.

23. As a direct and proximate result of one or more of the negligent acts or omissions by RCCL alleged above, Plaintiff CARMEN ROEBUCK has sustained and will continue to sustain in the future the damages alleged in Paragraph 15 above.

*Roebuck v. Royal Caribbean Cruises, Ltd.*

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## **COUNT II - NEGLIGENT FAILURE TO WARN**

The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

24. At all material times Defendant RCCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to warn of conditions on the walking surfaces of the INDEPENDENCE, actually or constructively known to it, that posed a slipping hazard to passengers walking thereon such as the Plaintiff.

25. At all material times there existed a hazardous condition on the Windjammer Café deck walking surface on Deck 11 of the INDEPENDENCE as described in Paragraph 13 above.

26. At all material times, the hazardous condition referred to in the preceding paragraph was in a high traffic area, regularly traversed by large numbers of passengers and crew members on board the vessel.

27. At all material times prior to December 10, 2023, RCCL had actual and/or constructive notice of the dangerous condition described in Paragraph 13, because wet spots or areas on the floor of the Windjammer Café are a repetitive and recurring issue on RCCL cruise ships fleetwide.  Specifically, RCCL was aware of prior slip and fall incidents caused by wet spots or wet areas on windjammer café floors on multiple cruise ships in RCCL's fleet. The prior substantially similar falls include but are not limited to the following instances:

a. On 03/11/2023, passenger P.S. slipped and fell on a wet floor surface in the Windjammer Café on the M/S RADIANCE OF THE SEAS. *Silva v. RCCL*, 1:24-cv-20866.

b. On 09/15/2023, passenger A.C. slipped and fell on a wet floor surface in the Windjammer Café on the M/S OASIS OF THE SEAS. *Cuaresma v. RCCL*, 1:24-cv-23204.

c. On 04/12/2023, passenger D.B. slipped and fell on a wet floor surface in the Windjammer Café on the M/S NAVIGATOR OF THE SEAS. *Burns v. RCCL*, 1:24-cv-21326.

d. On 12/18/2022, passenger M.L. slipped and fell on a wet floor surface in the Windjammer Café on the M/S EXPLORER OF THE SEAS. *Lu v. RCCL*, 1:23-cv-24725.

28. At all material times, the dangerous condition described in Paragraph 13 was neither known nor obvious to the Plaintiff, for the reasons stated in Paragraph 13.

29. Notwithstanding the actual or constructive knowledge of RCCL as alleged above, RCCL at all material times before the Plaintiff slipped and fell as alleged in Paragraph 14 above failed adequately to warn passengers, including the Plaintiff, of the dangerous condition referenced in Paragraph 13 above, through adequate signage or markings, orally delivered or written warnings, cordoning off the dangerous area, or otherwise, and was thereby negligent.

30. As a direct and proximate result of RCCL's negligent failure to warn as alleged above, Plaintiff CARMEN ROEBUCK slipped and fell as alleged in Paragraph 14 above and has thereby sustained and will continue to sustain in the future the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant RCCL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

7

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Roebuck v. Royal Caribbean Cruises, Ltd.*

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated, this 4th day of March, 2025.

**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
NICHOLAS M. PLYMALE
Florida Bar No. 1057884
nplymale@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749